UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAMONT T. HUGHES, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-01617-TWP-TAB |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Dismissing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

This matter is before the Court on Petitioner Lamont T. Hughes ("Hughes") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, dkt. [1]. Also pending is a Motion for Update, dkt. [29]. The Court **grants** the request for an update by issuing the ruling herein. For the reasons explained in this Entry, the motion for relief pursuant to 28 U.S.C. § 2255 must be **dismissed**. In addition, the Court finds that a certificate of appealability is not warranted.

## I. The 28 U.S.C. § 2255 Motion

On December 5, 2001, Hughes was convicted after a guilty plea of one count of bank robbery in violation of 18 U.S.C. § 2113(a) in case No. 1:01-cr-00080-LJM-TAB. He was found to be a career offender within the meaning of § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G") because his offense was a crime of violence and he had three prior convictions for controlled substance offenses. On February 1, 2002, Hughes was sentenced to 240 months' imprisonment. On March 22, 2004, Hughes filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. That motion was dismissed with prejudice as having been filed outside the statute

of limitations on May 14, 2004. *Hughes v. United States*, 1:04-cv-00538-LJM-WTL (May 14, 2004).

Hughes filed the current § 2255 motion on June 24, 2016. This motion must be summarily dismissed for lack of jurisdiction. This disposition is required pursuant to Rule 4 of the *Rules Governing Section 2255 Cases in the United States District Courts* and is because this is a second or successive action for such relief, and there is no indication that the Court of Appeals has authorized the filing of a second or successive motion. Such permission is required by 28 U.S.C. § 2244(b)(3)(A). Section 2244 has been described as "self-executing." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). This means that a district court lacks all jurisdiction over such a matter until permission to file a second § 2255 motion is granted by the Court of Appeals. *Id.* An action over which the district court lacks jurisdiction must be dismissed. *Steel Co. v. Citizens for a Better Environment,* 118 S. Ct. 1003 (1998). This disposition is required regardless of whether the defendant has or lacks a strong case for filing a successive § 2255 motion. The Court expresses no opinion regarding the validity of Mr. Hughes claims because the Court has no authority to inquire. Accordingly, the § 2255 motion is dismissed.

## II. Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell,* 537 U.S. 322, 335 (2003); *Peterson v. Douma,* 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Hughes has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

### III. Conclusion

For the reasons stated above, Petitioner Lamont Hughes Motion for Update, dkt. [29] is **GRANTED** by the filing of this ruling. Hughes must first obtain permission from the Seventh Circuit Court of Appeals before the Court can entertain this petition. Hughes' Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, dkt. [1] is therefore **DENIED** and this action dismissed for lack of jurisdiction. In addition, the Court finds that a certificate of appealability should be **DENIED**.

Judgment consistent with this Entry shall now issue in a separate order and **a copy of this Entry shall be docketed in No. 1:01-cr-00080-TWP-TAB-1**.

**IT IS SO ORDERED.**

Date: 2/5/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LAMONT T. HUGHES
06591-028
MEMPHIS - FCI
MEMPHIS FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O, BOX 34550
MEMPHIS, TN 38134

All Electronically Registered Counsel